# EXHIBIT A

SUPREME COURT OF THE STATE
OF NEW YORK COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
STEPHEN MEZZO,

**SUMMONS
WITH NOTICE**

                                        Plaintiff,          **Index No.**

    -against-                                               Date Purchased:

The Metropolitan Museum of Art,                             Plaintiff designates
                                                            WESTCHESTER
                                        Defendants.         County as the place of trial.
-------------------------------------------------------------------X
                                                            Venue is based upon CPLR
                                                            503(a)  Plaintiff resides at 36
                                                            Midchester Avenue White
                                                            Plains NY in Westchester
                                                            County

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance and/or a demand for the complaint, upon the plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In the event of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:      Mineola, New York
            January 18, 2025

    ROBERT BELTRANI & ASSOCIATES PC

    By: */s/ROBERT BELTRANI*
        ROBERT BELTRANI, Esq.
        220 Mineola Blvd, Ste 10
        Mineola, New York 11501
        *Attorney for Plaintiffs*
        (516) 741-7405

To:     The Metropolitan Museum of Art
        1000 Fifth Avenue 82nd Street
        New York, NY, 10028

2

Case 7:25-cv-01640-CS    Document 1-2    Filed 02/26/25    Page 4 of 7

## NOTICE

### I.     Nature of Action

Please take notice that this is an action for alleging that Mr. Stephen Mezzo was subjected to a textbook case of discrimination, and retaliation at that hands of The Metropolitan Museum of Art ("The Met") and its employees on the basis of Title VII of the Civil Rights Act of 1964 as amended, and other applicable Federal, state, and local antidiscrimination statutes like the New York State Human Rights Law, New York State Executive Law, §§ 296 et seq. ("NYSHRL") and the New York City Human Rights Law, Administrative Code §§ 8-107, et seq. ("NYCHRL"– which gives rise to compensatory damages based on lost wages and emotional distress, as well as punitive damages, interest, attorney's fees, and legal costs.

On or about September 3rd of 2021 Mr. Mezzo filed for a religious exemption. His religious exemption was submitted, accepted by the museum, and as required by law; he was granted a reasonable accommodation to work remotely. He was happy to be working remotely and he logged extra hours and took on more work and his work did not suffer at all. This was attested to by his direct supervisor and other supervising managers at the museum.

Despite same, on November 9th of 2021 he received an email from the museum stating that his working remotely would no longer be accommodated and he was placed on unpaid leave. He was not given any prior notice of this

3

change in posture and unpaid leave is not a reasonable accommodation. He was therefore forced to use his vacation time to sustain his family, pay his bills and maintain his household.

His personnel accrued annual leave was there for time to enjoy a vacation and this was no vacation. He exchanged e-mails with The Met's staff asking them to reconsider this unjust decision. After numerous emails going back and forth with The Met fighting for his job, he was allowed to work three days remotely, with his salary being cut by a third. He was forced to use his accrued annual leave to supplement his salary so that he could continue to pay his bills, at around January 12, 2022.

The Met had accepted his religious exemption and granted him an accommodation but then used his unwillingness to take an experimental vaccine proscribed by his faith as an excuse to effectively demote him and downsize his pay. Others similarly situated who simply took the shot were not functionally demoted and downsized.

Ultimately as he burned down his vacation days it became obvious to Mr. Mezzo that he needed to find a new job that would pay him in full for a week's work and relieve himself and family from this oppressive situation. This was an extremely upsetting, unfair & unjust situation and put a great deal of stress on him and his family. This made it all the more acute because if he only set aside his principles and abandoned his faith he would receive full pay.

4

Case 7:25-cv-01640-CS          Document 1-2          Filed 02/26/25          Page 6 of 7

In addition, after The Met's human resources department found out he was leaving The Met for a new job, around May 1, 2022, he was suddenly allowed back to work full-time to maximize his ability to finish up as many projects as possible.

This made it clear that working full time remote was actually always a viable option and that he could have been so-accommodated all along. It also made it clear to Mr. Mezzo that the Met's supposed respect for his right to a religious exemption was a complete canard.

The Met always touted themselves as an inclusive institution. His work never suffered from his working from home nor did the museum lose any income as a result from his working from home. His position did not require that he interact with the public directly in any way and he was able to find ways to complete his projects without any undue burden to The Met. He was able to work remotely in an efficacious and seamless manner.

As a result of this unfair, unjust and illegal treatment he is looking for compensation for lost annual leave, lost accrued sick time and emotional distress that the museum put me and my entire family through. The Met violated his rights to have a sincerely held religious belief. He was treated unfairly. Based on the above, he was discriminated against in violation of Title VII of the Civil Rights Act of 1964 as amended, and other applicable Federal, state, and local antidiscrimination statutes like the NYSHRL and NYCHRL.

5

Case 7:25-cv-01640-CS    Document 1-2    Filed 02/26/25    Page 7 of 7

Mr. Mezzo's constructive discharge calls into question The Met's commitment to religious freedom.

Relief Sought

a. Claims for Relief

Plaintiff seeks the following relief: 1) Title VII of the Civil Rights Act of 1964 as amended, and other applicable Federal, state, and local antidiscrimination statutes including 2) New York State Human Rights Law, New York State Executive Law, §§ 296 et seq. ("NYSHRL") and 3) the New York City Human Rights Law, Administrative Code §§ 8-107, et seq. ("NYCHRL"– which gives rise to compensatory damages based on lost wages and emotional distress, as well as punitive damages, interest, attorney's fees, and legal costs, and (6) such other and further relief as the Court deems just and proper.

Monetary damages sought will be $1.5 million or an amount to be awarded by the Trier of Fact

6